FILED
United States Court of Appeals
Tenth Circuit

July 21, 2020

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JUAN CARLOS DE JESUS, a/k/a Juan
Carlos De Jesus-Ponce, a/k/a Juan Carlos
Dejesus,

    Defendant - Appellant.

No. 20-1043
(D.C. No. 1:19-CR-00375-DDD-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **McHUGH**, and **EID**, Circuit Judges.
_____

Juan Carlos De Jesus pleaded guilty to illegal re-entry of a previously deported

alien, following an aggravated felony conviction, in violation of 8 U.S.C. §§ 1326(a)

and (b)(2). He was sentenced to serve 41 months in prison. Although his plea

agreement contained a waiver of his appellate rights, he filed a notice of appeal. The

government has moved to enforce the appeal waiver in the plea agreement pursuant

to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel. It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id*. at 1325. The government asserts that all of the *Hahn* conditions have been satisfied because: (1) Mr. De Jesus's appeal is within the scope of the appeal waiver; (2) he knowingly and voluntarily waived his appellate rights; and (3) enforcing the waiver would not result in a miscarriage of justice.

In response to the government's motion, Mr. De Jesus contends that, because of ineffective assistance of his counsel, his plea was not knowing and voluntary. But he recognizes that he cannot raise this argument on appeal and must wait to raise it in a collateral proceeding. *See United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005). He therefore concedes he "cannot set forth a good-faith argument as to why the government's motion should be denied." Resp. at 2. Based on this concession and our independent review of the record, we grant the government's motion to enforce the appeal waiver and dismiss the appeal. This dismissal does not affect Mr. De Jesus's right to pursue post-conviction relief on the grounds permitted in his plea agreement.

Entered for the Court
Per Curiam

2